UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERIE HARTSIG,

      Plaintiff,

v.                                                                          Case No. 14-14394

CAROLYN W. COLVIN,                        HON. AVERN COHN
Acting Commissioner of Social Security,

      Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. 18), DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 15), DENYING IN PART AND GRANTING IN PART THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Doc. 16), AND REMANDING THE CASE.[1]**

### I.  INTRODUCTION

This is a Social Security case. Plaintiff Cherie Hartsig (Hartsig) appeals the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability insurance benefits and supplemental security income.

Hartsig applied for disability insurance and supplemental security income benefits on May 8, 2012, alleging an onset date of March 15, 2012, with a date last insured (DLI) of December 31, 2016. The Commissioner denied Hartsig's claims; Hartsig requested a hearing.  An Administrative Law Judge (the ALJ) determined that Hartsig was not disabled within the meaning of the Social Security Act (SSA). The

---

[1] Upon review of the papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Appeals Council denied Hartsig's request for review. Hartsig filed a civil action seeking review of the ALJ's decision.

The parties filed cross motions for summary judgment. (Docs. 15, 16). The motions were referred to a MJ for a report and recommendation (MJRR). The MJ recommends that the Court grant in part and deny in part Hartsig's motion for summary judgment, grant in part and deny in part the Commissioner's motion for summary judgment, and remand the matter for further proceedings as to Hartsig's mental impairments. (Doc. 18). The Commissioner filed timely objections to the MJRR. (Doc. 19). Hartsig has chosen not to respond to the objections. The Court finds the objections to be without merit.

## II.  BACKGROUND

### A.  The ALJ's Decision

The MJRR summarized the ALJ's decision denying benefits:

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that plaintiff's carpal tunnel syndrome and DeQuervain's tenosynovitis were "severe" within the meaning of the second sequential step. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work as follows: "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can perform no repeated grasping and fingering; she must be able to sit or stand as she wishes; and there can be no requirement for writing or typing. Further, the claimant is limited to simple, two or three step jobs." At step four, the ALJ concluded that plaintiff could not perform her past relevant work as a substance abuse counselor, administrative assistant, manager, and pizza delivery driver. At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.

2

(Doc. 18 at 3-4)(internal citations to record omitted).

## B. Parties' Motions for Summary Judgment and the MJRR

Hartsig's Motion for Summary Judgment seeks reversal of the ALJ's conclusion that she was not under a disability because the ALJ did not properly evaluate her severe impairments, residual functional capacity (RFC) and credibility. Hartsig says that (1) the ALJ erred in not identifying all of her mental impairments as severe at step two; and (2) the ALJ's credibility analysis was flawed and was not based on a proper characterization of record evidence.

The Commissioner's cross-motion for summary judgment argues that (1) the ALJ had a sufficient basis for his RFC assessment and, thus, any step two error was harmless and (2) the ALJ's decision regarding Hartsig's credibility and the ultimate RFC findings were supported by substantial evidence.

While the MJ agrees with the Commissioner's arguments, she recommends that the Court remand the case so that the ALJ can obtain the opinion of a medical advisor to assess the severity of Hartsig's mental impairments and any resulting functional limitations, as well as to conduct the assessment required by 20 C.F.R. § 416.920a(e). The MJ explains that Hartsig did not indicate any mental impairment in her 2012 application for benefits. As such, the state agency physician's review in July 2012 of Hartsig's medical records found no record of psychiatric treatment or medications. However, Hartsig testified at her hearing that, as of 2013, she was being treated for depression and anxiety. Accordingly, the MJRR explains that, while an ALJ is no longer required to complete the Psychiatric Review Technique Form (PRTF), the ALJ must include pertinent findings and conclusions based on the technique in his decision. See

20 C.F.R. § 416.920a(e). In this case, there was no opinion in the record assessing the severity of Hartsig's mental limitations and resulting functional limitations.

### III. STANDARD OF REVIEW

#### A. Objections to the MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985); Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

#### B. Commissioner's Disability Determination

Judicial review of a disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to

4

support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the record as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record before the ALJ, Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993), regardless of whether the ALJ actually cites to evidence. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all of the evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to a search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## IV. ANALYSIS

The Commissioner raises two objections to the MJRR. The objections do not withstand scrutiny.

### A.  Objection One

The Commissioner first objects to the MJ's finding that the ALJ's failure to explicitly outline the B criteria findings regarding Hartsig's mental impairments was error requiring remand.  The Commissioner maintains that even if the ALJ made the required findings, he still would have concluded at step three that Hartsig's symptoms were not of listing-level severity and therefore the error was harmless. Further, the Commissioner notes that, while no treating doctor provided an opinion as to the mental impairments, the ALJ did take into consideration Hartsig's own testimony about her depression and anxiety and other objective evidence of the mental health impairments. As such, the Commissioner argues that remand is unnecessary.

This objection lacks merit. The MJ exhaustively addresses this argument in the MJRR and correctly points out that, in weighing the medical evidence, "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." <u>Simpson v. Comm'r of Soc. Sec.</u>, 344 Fed. Appx. 181, 194 (6th Cir. 2009)(internal citations omitted). While an ALJ is free to resolve issues of credibility as to lay testimony, the ALJ cannot substitute his own lay medical opinion for that of a treating or examining doctor. (Doc. 18 at 27-28). Accordingly, the Commissioner's first objection is without merit.

6

### B. Objection Two

The Commissioner next objects on the ground that the MJ incorrectly recommends finding that substantial evidence did not support the ALJ's determination that Hartsig could mentally do simple, two or three step jobs. The Commissioner asserts that, in some cases, the ALJ may render a commonsense judgment about a claimant's limitations without the benefit of a medical opinion. The Commissioner notes that it was Hartsig's burden to prove her alleged mental impairments and limitations and she failed to do so. As such, the Commissioner says that the ALJ was not required to obtain an expert medical opinion to determine otherwise.

The Commissioner's objection is without merit. As noted above, judicial review of a disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters, 127 F.3d at 528 (emphasis added). "Unlike other cases where such an error has been found harmless, there is no opinion in this record assessing the severity of [Hartsig's] mental limitations and the resulting functional limitations." (Doc. 18 at 25). While Hartsig provided personal testimony at the hearing in regards to her mental impairments, the ALJ made a decision without the substantial evidentiary support of an expert medical opinion. Furthermore, as noted in the MJRR, the ALJ cannot substitute his own judgment for that of a physician. The Commissioner has not made any argument that persuades the Court to reject the MJ's conclusion. The Court is not reversing the ALJ's decision, but rather asking the ALJ to obtain the opinion of a medical advisor to assess the severity of Hartsig's mental impairments and any resulting functional limitations.

7

## V. CONCLUSION

For the reasons stated above, the MJRR is ADOPTED (Doc. 18), Hartsig's motion for summary judgment (Doc. 15) is DENIED IN PART AND GRANTED IN PART, the Commissioner's motion for summary judgment (Doc. 16) is DENIED IN PART AND GRANTED IN PART, and the case is REMANDED to the ALJ for further proceedings as to Hartsig's mental impairments.

SO ORDERED.

                                        s/Avern Cohn
                                        AVERN COHN

Dated: March 31, 2016                 UNITED STATES DISTRICT JUDGE
Detroit, Michigan